Gregory P. Olson, Esq. (SBN 177942)
greg@olsonesq.com
LAW OFFICE OF GREGORY P. OLSON, APC
501 W. Broadway, Ste. 1370
San Diego, California 92101
Telephone: (619) 546-3650

Attorney for Plaintiff ElliptiGO Incorporated, a Delaware corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIPTIGO INCORPORATED, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HEFEI SEARCH IMPORT AND EXPORT CO., LTD.<br><br>Defendant. | Case No. '25CV0891 RSH DEB<br><br>**PLAINTIFF ELLIPTIGO INCORPORATED'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ElliptiGO Incorporated ("Plaintiff" or "ElliptiGO"), by and through its counsel of record, hereby alleges as follows against Defendant Hefei Search Import and Export Co., Ltd. ("Defendant" or "Hefei"):

## NATURE OF THE ACTION

This is a copyright infringement action arising out of Defendant's unauthorized and willful use and copying of the GIBBON® GiBoard ("GiBoard"), a proprietary slackline-based balance training board sold to customers throughout the United States, and the associated user manual ("Original Manual").

///

1

COMPLAINT

## THE PARTIES

1. Plaintiff ElliptiGO Incorporated is a Delaware corporation with its principal place of business at 722 Genevieve St., Suite O, Solana Beach, California 92075.

2. On information and belief, Defendant Hefei Search Import and Export Co., Ltd. is an unknown Chinese business entity.

## JURISDICTION AND VENUE

3. This action arises under 17 U.S.C. § 501 et seq. for Defendant's infringement of copyrights owned by Plaintiff.

4. This Court has subject matter jurisdiction over these copyright infringement claims pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

5. The Court has personal jurisdiction over Plaintiff because, among other things, Plaintiff resides in and transacts business in California and in this judicial district.

6. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant conducts business in California and in this judicial district. Defendant has also agreed to be subject to personal jurisdiction in any federal district as part of its Digital Millenium Copyright Counter-Notice.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(c)(2), 1391(d), and 1400(a).

## FACTUAL ALLEGATIONS

8. Plaintiff is the exclusive seller of the GiBoard on Amazon.com, a proprietary slackline-based balance training board sold to customers throughout the United States.

9. Plaintiff created the Original Manual for the GiBoard in December 2022. A true and correct copy of the Original Manual is attached here to as Exhibit A.

/ / /

/ / /

10. The Original Manual was registered with the U.S. Copyright Office on October 10, 2024, Registration Number TX-9-435-117. A true and correct copy of the Copyright Registration Confirmation is attached hereto as Exhibit B.

11. Beginning in August 2024, Defendant began selling knockoff GiBoard products through Amazon.com ("Amazon") under the brand name SCHWTHR with its listings directed to U.S. customers, including customers in this district. The SCHWTHR listings were often at or near the very top of the search engine results page for keyword searches on the trademarked brand term "GIBOARD", "GIBOARD BALANCE BOARD", "GIBOARD SLACKLINE BOARD", "SLACKLINE BOARD" and the SCHWTHR listing image was almost identical in appearance to those used for the GiBoard listings on Amazon as to create a substantial likelihood of confusion.

12. Plaintiff purchased one of each of the three available models of the infringing SCHWTHR boards in September, October, and November 2024. Each product included a physical manual inside the box along with other parts of the product. A true and correct copy of the infringing manual ("Infringing Manual") is attached hereto as Exhibit C. This manual contained 12 graphics identical to those in the Original Manual and approximately 80% of the textual content of the Infringing Manual was identical to that found in the Original Manual, including detailed usage instructions and the names of specific parts.

13. In November 2024, Plaintiff filed a Digital Millennium Copyright Act ("DMCA") takedown notice with Amazon. Amazon removed all of Defendant's GiBoard listings on or about November 28, 2024. A true and correct copy of the DMCA Takedown Notice dated November 20, 2024, is attached hereto as Exhibit D.

14. According to Amazon and third-party tracking data, more than 100 SCHWTHR boards were sold between October 10, 2024, and November 28, 2024.

/ / /

/ / /

15. In January 2025, Defendant set up two new Amazon listings for the same infringing boards. Plaintiff purchased both products and received them in early March 2025. Both products included the identical Infringing Manual that was included with the products purchased in 2024.

16. Plaintiff submitted a second DMCA takedown notice on or about March 10, 2025. Amazon removed the listings shortly thereafter. A true and correct copy of the DCMA Takedown Notice, dated March 10, 2025, is attached hereto as Exhibit E.

17. On April 3, 2025, Amazon notified Plaintiff via e-mail that it had received two counter-notices related to Plaintiff's DMCA takedown notices. True and correct copies of the Amazon emails regarding counter-notices dated April 3, 2025, are attached hereto as Exhibit F.

18. According to Amazon and third-party tracking data, more than 100 SCHWTHR boards were sold between January and March 2025.

19. From August 1, 2024 through March 10, 2025, more than $3 million was spent on digital advertising to support the sale of GiBoards in the United States. The term "GIBOARD" was the highest searched for branded balance board keyword on all of Amazon and the GiBoard products were one of the highest selling balance boards on Amazon during that time period.

20. Developing manuals for consumer products is time consuming and expensive, usually involving legal advice, professional graphic design efforts, professional copywriting and several revisions. In copying the Original Manual, Defendant willfully and intentionally sought to avoid the cost and time investment of developing its own manual to support the use of its products, reducing its costs and increasing the profitability of its business at the expense of Plaintiff.

21. The Original Manual is an original work with a copyright registered with the US Copyright Office. Plaintiff did not authorize or license Defendant to recreate any aspect of it or create a derivative work from it.

///

22. Each copy of the Infringing Manual constitutes a separate claim against Defendant under the Copyright Act. Plaintiff has sustained significant damage from lost profits as a result of Defendant listing an almost identical product with an almost identical manual on Amazon, diverting sales that would have been the direct result of the extensive marketing investments made to advertise and sell the GiBoard product. As a result, Defendant has realized unlawful and unjust profits from their unauthorized and illegal copying, duplication and distribution of the majority of the Original Manual.

23. Defendants have shown a continued willingness to infringe the copyrighted Original Manual even after being punished by Amazon for the infringement and Plaintiff believes they will continue to infringe the copyright unless they are enjoined by Order of this Court.

24. Defendant has committed all of these acts deliberately, willfully, and maliciously and without regard to Plaintiff's proprietary rights.

### FIRST CLAIM FOR RELIEF

### Copyright Infringement – 17 U.S.C. § 501

25. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24 above as though fully set forth herein.

26. Because Plaintiff provided a copy of the Original Manual with every product sold, Defendant had access to the copyrighted material by purchasing one of Plaintiff's products.

27. Defendant was made directly aware of the copyright infringement no later than November 2024 because Amazon removed its listing as a result of the Infringing Manual.

28. Defendant's actions constitute direct infringement under 17 U.S.C. § 501.

29. Defendant's conduct was willful and deliberate.

///

30. Plaintiff has suffered actual damages and is entitled to statutory damages up to $150,000.00 per copyright infringed for Defendant's willful copyright infringement, and attorneys' fees and costs pursuant to 17 U.S.C. §§ 504 and 505.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays for relief as follows:

A. A declaration that Defendant has infringed Plaintiff's copyrighted work.

B. An order preliminarily and permanently enjoining Defendant from infringing Plaintiff's copyright.

C. An award of actual damages or statutory damages under 17 U.S.C. § 504, including enhanced damages for willful infringement.

D. An award of attorneys' fees and costs pursuant to 17 U.S.C. § 505.

E. An award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law.

F. Such other relief as the Court deems just and proper.

Dated: April 11, 2025

LAW OFFICE OF GREGORY P. OLSON, APC

By: *s/ Gregory P. Olson*
Gregory P. Olson
Plaintiff ElliptiGO Incorporated, a Delaware corporation

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated: April 11, 2025

LAW OFFICE OF GREGORY P. OLSON, APC

By: *s/ Gregory P. Olson*
    Gregory P. Olson
    Plaintiff ElliptiGO Incorporated, a
    Delaware corporation